JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kimberly Nugent

**DEFENDANTS**
Millard Mall Services, Inc., Mydatt Security Services, Inc., and Valor Security Services

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cook County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc F. Greenfield, Esquire
1500 JFK Boulevard, Suite 200
Philadelphia, PA 19102

Attorneys *(If Known)*
Charles Jay Bogdanoff, Esquire
215 South Broad Street, Suite 700
Philadelphia, PA 19107

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
       Proceeding

☒ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Plaintiff alleges she tripped and fell due to broken/uneven pavement in the Franklin Mills Mall parking lot.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   C.J. Petrese B. Tucker

DOCKET NUMBER   14-5873

DATE
12/22/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KIMBERLY NUGENT | : | CIVIL ACTION |
| v. | : | |
| MILLARD MALL SERVICES, INC., et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| | | |
|---|---|---|
| 12/22/14 | C. Gmyllr | Millard Mall Services, Inc., and Mydatt Services, Inc. d/b/a Valor Security Services |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 563-2511 | (215) 558-6404 | mail@gekoskibogdanoff.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7417 Shisler Street, Philadelphia, PA 19111

Address of Defendant: 7301 North Cicero Avenue, Lincolnwood, IL 60712

Place of Accident, Incident or Transaction: Franklin Mills Mall

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: 14-5873  Judge C.J. Petrese B. Tucker  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Charles Jay Bogdanoff, Esquire , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                              Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/22/14  _____  02657
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX G**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY NUGENT                           :
                                          :
        **V.**                    :                 Civil Action
                                          :                 No: _____
MILLARD MALL SERVICES, INC. et al.        :
                                          :

### DISCLOSURE STATEMENT FORM

Please check one box:

☒        The nongovernmental corporate party, <u>Millard Mall Services, Inc.</u>
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐        The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

_12/22/14_____        _C. Gagliardi_____
Date                                          Signature

        Counsel for:   Defendant, Millard Mall Services, Inc._____

### Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file two copies of a disclosure statement that:

     (1)   identifies any parent corporation and any publicly held corporation owning 10% or more of its stock;  or

     (2)   states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

     (1)   file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

     (2)   promptly file a supplemental statement if any required information changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY NUGENT                          :
                                         :
            V.                           :              Civil Action
                                         :              No: _____
MILLARD MALL SERVICES, INC. et al.       :
                                         :

DISCLOSURE STATEMENT FORM

Please check one box:

❑          The nongovernmental corporate party, _____
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.
                                        Mydatt Services, Inc. d/b/a Valor Security
☒          The nongovernmental corporate party, Services _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

                 SMS Holdings Corporation
           _____
           _____
           _____
           _____

_____ 12/22/14 _____          _____
       Date                                    Signature

                          Counsel for:   Defendant, Mydatt Services, Inc. d/b/a Valor Security Services


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
             two copies of a disclosure statement that:
             (1)   identifies any parent corporation and any publicly held corporation
                   owning10% or more of its stock;  or

             (2)   states that there is no such corporation.

      (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
             (1)   file the disclosure statement with its first appearance, pleading,
                   petition, motion, response, or other request addressed to the court;
                   and
             (2)   promptly file a supplemental statement if any required information
                   changes.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7417 Shisler Street, Philadelphia, PA 19111

Address of Defendant: 7301 North Cicero Avenue, Lincolnwood, IL 60712

Place of Accident, Incident or Transaction: Franklin Mills Mall

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: 14-5873    Judge C.J. Petrese B. Tucker    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Charles Jay Bogdanoff, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/22/14    _____    02657
                   Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY NUGENT                          :
                                         :
          V.                             :            Civil Action
                                         :            No: _____
MILLARD MALL SERVICES, INC. et al.       :
                                         :

DISCLOSURE STATEMENT FORM

Please check one box:

❑       The nongovernmental corporate party, _____
        , in the above listed civil action does not have any parent corporation and
        publicly held corporation that owns 10% or more of its stock.
                                        Mydatt Services, Inc. d/b/a Valor Security
☒       The nongovernmental corporate party, Services_____
        , in the above listed civil action has the following parent corporation(s) and
        publicly held corporation(s) that owns 10% or more of its stock:

            SMS Holdings Corporation
        _____
        _____
        _____
        _____


____12/22/14_____        _____
        Date                              Signature

              Counsel for:   Defendant, Mydatt Services, Inc. d/b/a Valor Security Services


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

>   (a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
>          two copies of a disclosure statement that:
>          (1)    identifies any parent corporation and any publicly held corporation
>                 owning10% or more of its stock;  or
>
>          (2)    states that there is no such corporation.
>
>   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
>          (1)    file the disclosure statement with its first appearance, pleading,
>                 petition, motion, response, or other request addressed to the court;
>                 and
>          (2)    promptly file a supplemental statement if any required information
>                 changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY NUGENT        :
                  :
         V.                :          Civil Action
                  :          No: _____
MILLARD MALL SERVICES, INC. et al.   :
                  :

DISCLOSURE STATEMENT FORM

Please check one box:

☒        The nongovernmental corporate party,  _Millard Mall Services, Inc._____
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

❑        The nongovernmental corporate party, _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

___12/22/14_____         _____
      Date                                             Signature

                          Counsel for:   Defendant, Millard Mall Services, Inc._____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
       (a)     WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file
              two copies of a disclosure statement that:
              (1)     identifies any parent corporation and any publicly held corporation
                      owning10% or more of its stock; or

              (2)     states that there is no such corporation.

       (b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
              (1)     file the disclosure statement with its first appearance, pleading,
                      petition, motion, response, or other request addressed to the court;
                      and
              (2)     promptly file a supplemental statement if any required information
                      changes.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY NUGENT | : |
| | : |
| v. | : |
| | : CIVIL ACTION – LAW |
| | : |
| MILLARD MALL SERVICES, INC. | : |
| | : |
| and | : |
| | : |
| MYDATT SERVICES, INC. | : |
| | : No. |
| and | : |
| | : |
| VALOR SECURITY SERVICES | : |

## <u>NOTICE OF REMOVAL</u>

Moving Defendants, Millard Mall Services, Inc. and Mydatt Services, Inc. d/b/a Valor Security Services, incorrectly designated separately in Plaintiff's Complaint as "Mydatt Services, Inc. and Valor Security Services" (collectively "Moving Defendants"), by and through their counsel, Gekoski & Bogdanoff, P.C., hereby notice the removal of the above-entitled action from the Court of Common Pleas of Philadelphia County, No. 141100917 to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1441(a) and 1446. In support of this Notice of Removal, Moving Defendant states as follows:

1.      On November 10, 2014, Plaintiff commenced a lawsuit by way of a Complaint, naming as defendants Millard Mall Services, Inc., Mydatt Services, Inc., and Valor Security Services. Moving Defendant Millard Mall Services, Inc. was served with process on December 3, 2014. Moving Defendant Mydatt Services, Inc. was served with process on December 1, 2014.

Incorporated herein and attached hereto as Exhibit "A," without admitting or adopting the
allegations therein, is a true and correct copy of the Plaintiff's Complaint.

2.      The Complaint alleges, inter alia, that the Plaintiff, Kimberly Nugent, resides at
7417 Shisler Street, Philadelphia, PA 19111.

3.      The Complaint alleges an amount in controversy in excess of $50,000 and the
Civil Cover Sheet to the Complaint indicates an amount in controversy exceeding $50,000,
which on its face, is less than the $75,000 diversity jurisdiction requirement.

4.      Based on a related action, upon information and belief, the Plaintiff is demanding
$160,000 to settle the case and, therefore, the amount in controversy exceeds $75,000 pursuant to
28 U.S.C. § 1446.

5.      In this case, there is complete diversity of citizenship between the parties, as the
plaintiff is a citizen of Pennsylvania, while Moving Defendants are citizens of states outside of
Pennsylvania. Moving Defendant Millard Mall Services, Inc. is a corporation organized under
the laws of the State of Illinois with its principal place of business in Illinois. Moving Defendant
Mydatt Services, Inc. d/b/a Valor Security Services, incorrectly designated separately in
Plaintiff's Complaint as "Mydatt Services, Inc. and Valor Security Services" is a corporation
organized under the laws of Ohio with a principal place of business in Tennessee.

6.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332.
There is complete diversity of citizenship between the parties and the amount in controversy
exceeds $75,000, exclusive of interest and costs.

7.      This action is therefore properly and timely removed pursuant to 28 U.S.C. §
1441(a) and in accordance with the requirements of 28 U.S.C. § 1446, as this Notice of Removal
is being filed within thirty (30) days after the receipt by the Moving Defendants through service

of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, with confirmation and notice that the amount in controversy exceeds $75,000, and within one year of the commencement of this action, thereby fulfilling the requirement for diversity jurisdiction.

8.      Moving Defendants desire to remove this action to the United States District Court for the Eastern District of Pennsylvania.

9.      Written notice of the filing of this Notice of Removal is being served on this date upon all counsel of record and non-appearing parties.

10.      A true and correct copy of this Notice of Removal is being filed on this date with the Prothonotary for the Court of Common Pleas of Philadelphia County.

**WHEREFORE**, for the aforesaid reasons, Moving Defendants, Millard Mall Services, Inc. and Mydatt Services, Inc. d/b/a Valor Security Services, incorrectly designated separately as "Mydatt Services, Inc. and Valor Security Services," respectfully requests that this case be removed to the United Stated District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

GEKOSKI & BOGDANOFF, P.C.

By: Charles Jay Bogdanoff, Esquire
Attorney for Moving Defendants,
Millard Mall Services, Inc., and
Mydatt Services, Inc. d/b/a Valor
Security Services, incorrectly
designated separately as "Mydatt
Services, Inc. and Valor Security
Services"

Date: December 22, 2014

## VERIFICATION

I, Charles Jay Bogdanoff, Esquire, do hereby verify that I am the attorney for Moving Defendants, Millard Mall Services, Inc. and Mydatt Services, Inc. d/b/a Valor Security Services, incorrectly designated separately as "Mydatt Services, Inc. and Valor Security Services," that I am authorized to make this verification on its behalf, and that the facts contained in the foregoing Notice of Removal are true and correct to the best of my information, knowledge, and belief.  I understand that the statements herein are made subject to the penalties of F.R.C.P. § 11 relating to unsworn falsification to authorities.

GEKOSKI & BOGDANOFF, P.C.

By: Charles Jay Bogdanoff, Esquire
Attorney for Moving Defendants,
Millard Mall Services, Inc., and
Mydatt Services, Inc. d/b/a Valor
Security Services, incorrectly
designated separately as "Mydatt
Services, Inc. and Valor Security
Services"

Date: December 22, 2014

## CERTIFICATE OF SERVICE

I, Charles Jay Bogdanoff, Esquire, do hereby certify that on December___, 2014, a true and correct copy of the foregoing Notice of Removal was served upon the parties through the Federal Court Electronic Filing System and through Facsimile Transmission, addressed to counsel of record as follows:

Marc F. Greenfield, Esquire
Spear, Greenfield & Richman, P.C.
2 Penn Center, Suite 200
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

GEKOSKI & BOGDANOFF, P.C.

By: Charles Jay Bogdanoff, Esquire
Attorney for Moving Defendants,
Millard Mall Services, Inc., and
Mydatt Services, Inc. d/b/a Valor
Security Services, incorrectly
designated separately as "Mydatt
Services, Inc. and Valor Security
Services"

Date: December 22, 2014

# EXHIBIT A

SPEAR, GREENFIELD & RICHMAN, P.C.
BY:    MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

MAJOR JURY



Attorney for plaintiff

---

KIMBERLY NUGENT                    :
7417 Shisler Street                :
Philadelphia, PA 19111             :

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA
CIVIL TRIAL DIVISION

                      v.           :
                                   :
MILLARD MALL SERVICES, INC.        :
c/o Corporation Service Company    :
2595 Interstate Drive, Suite 103   :
Harrisburg, PA 17110               :
              &                    :
MYDATT SERVICES, INC.              :
c/o CT Corporation System          :
116 Pine Street, Suite 320         :
Harrisburg, PA 17101               :
              &                    :
VALOR SECURITY SERVICES            :
2845 Center Valley Parkway, Ste 43 :
Center Valley, PA 18034            :

---

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
    PHILADELPHIA BAR ASSOCIATION
    LAWYER REFERRAL and INFORMATION SERVICE
    One Reading Center
    Philadelphia, Pennsylvania 19107
    (215) 238-6333
    TTY: (215) 451-6197

**ADVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

    ASSOCIACION DE LICENDIADOS DE FILADELFIA
    SERVICIO DE REFENCIA E INFORMACION LEGAL
    One Reading Center
    Filadelfia, Pennsylvania 19107
    Teléfono: (215) 238-6333
    TTY: (215) 451-6197

Case ID: 141100917

## COMPLAINT IN PERSONAL INJURY
### 2S PREMISES LIABILITY

1.      Plaintiff, Kimberly Nugent, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, Millard Mall Services, Inc., is a corporation doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 4301 Byberry Road, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania (hereinafter referred to as "premises").

3.      At all times material hereto defendant, Millard Mall Services, Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

4.      Defendant, Mydatt Services, Inc., is a corporation doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises.

5.      At all times material hereto defendant, Mydatt Services, Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

6.      Defendant, Valor Security Services, is a business entity doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and

- 2 -

Case ID: 141100917

which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises.

7.    At all times material hereto defendant, Valor Security Services, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

8.    On or about June 2, 2013, plaintiff was an invitee, licensee and/or otherwise legally on defendant's premises, when, as a result of the negligence and/or carelessness of the defendants, the plaintiff tripped and fell due to broken/uneven pavement in the parking lot in front of Franklin Mills Mall.

9.    As a result of this accident, the plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

## COUNT I
### Kimberly Nugent v. Millard Mall Services, Inc.
#### Personal Injury

10.    Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

11.    The negligence and/or carelessness of defendant consisted of the following:

a.    Failure to design, construct, maintain, and/or repair the premises, sidewalks, pavements, pathways, walkways and/or parking lots over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

- 3 -

Case ID: 141100917

b.   Failure to properly monitor, test, inspect or clean the premises, sidewalks, pavements, pathways, walkways and/or parking lots to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, sidewalks, pavements, pathways, walkways and/or parking lots to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the defective and/or dangerous area of the premises sidewalks, pavements, pathways, walkways and/or parking lots;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, sidewalks, pavements, pathways, walkways and/or parking lots;

f.   Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises.

- 4 -

Case ID: 141100917

12.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel lumbar disc herniations, multilevel lumbar disc bulges, cervical radiculopathy at C5-6, right shoulder strain and sprain, bilateral wrist sprain and strain, bilateral knee sprain and strain with right knee abrasion, lumbar sprain and strain, and any other ills, injuries, all to plaintiff's great loss and detriment.

13.     As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

14.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

15.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

16.     . Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**,  plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

Case ID: 141100917

## COUNT II
### Kimberly Nugent v. Mydatt Services, Inc.
### Personal Injury

17.     Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

18.     The negligence and/or carelessness of defendant consisted of the following:

a.     Failure to design, construct, maintain, and/or repair the premises, sidewalks, pavements, pathways, walkways and/or parking lots over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b.     Failure to properly monitor, test, inspect or clean the premises, sidewalks, pavements, pathways, walkways and/or parking lots to see if there were dangerous or defective conditions to those legally on the premises;

c.     Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, sidewalks, pavements, pathways, walkways and/or parking lots to such invitees, licensees and/or others legally on the premises;

d.     Failure to barricade and/or block-off the defective and/or dangerous area of the premises sidewalks, pavements, pathways, walkways and/or parking lots;

e.     Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, sidewalks, pavements, pathways, walkways and/or parking lots;

- 6 -

Case ID: 141100917

     f.      Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

     g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

     h.      Failure to inspect, maintain and/or repair known and/or unknown defects; and,

     i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises.

19.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel lumbar disc herniations, multilevel lumbar disc bulges, cervical radiculopathy at C5-6, right shoulder strain and sprain, bilateral wrist sprain and strain, bilateral knee sprain and strain with right knee abrasion, lumbar sprain and strain, and any other ills, injuries, all to plaintiff's great loss and detriment.

20.     As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

21.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

- 7 -

Case ID: 141100917

22.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

23.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT III**
**Kimberly Nugent v. Valor Security Services**
**Personal Injury**

24.     Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

25.     The negligence and/or carelessness of defendant consisted of the following:

a.     Failure to design, construct, maintain, and/or repair the premises, sidewalks, pavements, pathways, walkways and/or parking lots over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

- 8 -

Case ID: 141100917

b.    Failure to properly monitor, test, inspect or clean the premises, sidewalks, pavements, pathways, walkways and/or parking lots to see if there were dangerous or defective conditions to those legally on the premises;

c.    Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, sidewalks, pavements, pathways, walkways and/or parking lots to such invitees, licensees and/or others legally on the premises;

d.    Failure to barricade and/or block-off the defective and/or dangerous area of the premises sidewalks, pavements, pathways, walkways and/or parking lots;

e.    Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, sidewalks, pavements, pathways, walkways and/or parking lots;

f.    Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.    Failing to exercise the proper care, custody and control over the aforesaid premises;

h.    Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.    Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises.

- 9 -

Case ID: 141100917

26.    As a direct result of the negligent and/or careless conduct of defendant,

the plaintiff suffered various serious and permanent personal injuries, serious impairment of body

function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions,

including, but not limited to: multilevel lumbar disc herniations, multilevel lumbar disc bulges,

cervical radiculopathy at C5-6, right shoulder strain and sprain, bilateral wrist sprain and strain,

bilateral knee sprain and strain with right knee abrasion, lumbar sprain and strain, and any other ills,

injuries, all to plaintiff's great loss and detriment.

27.    As a result of these injuries, all of which are to plaintiff's great financial detriment and

loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness

and agony and will continue to suffer for an indefinite time.

28.    As an additional result of the carelessness and/or negligence of defendant, plaintiff

has suffered emotional injuries along with the physical injuries suffered.

29.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in

the future undergo a great loss of earnings and/or earning capacity, all to the further loss and

detriment of the plaintiff.

30.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has

incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or

in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed

and upon which the plaintiff makes a claim for payment in the present action.

Case ID: 141100917

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

SPEAR, GREENFIELD & RICHMAN, P.C.

MARC F. GREENFIELD, ESQUIRE

INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS OR WAS EFFECTUATED.
tsd

- 11 -

## V E R I F I C A T I O N

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Case ID: 141100917